IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 3 HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARBELLA FLOORING, INC.,<br><br>Defendant. | No. C-14-4960 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; VACATING HEARING** |

Before the Court is plaintiffs' Motion for Default Judgment, filed February 27, 2015. Defendant has not filed a response thereto. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on plaintiffs' written submissions, VACATES the hearing scheduled for April 10, 2015, and rules as follows:

1. To the extent the motion seeks an award of prejudgment interest in the amount of $703, based on defendant's late payment of contributions owed for the period from November 2013 through January 2014, the motion is hereby GRANTED. (See Compl. ¶¶ 12, 14; Besocke Decl. ¶¶ 6, 11, 12, Ex. A § 69; Stafford Decl. Ex. A at 5.)

2. To the extent the motion seeks an award of liquidated damages in the amount of $5921.92, based on defendant's late payment of contributions owed for the period from

1  November 2013 through January 2014, the motion is hereby GRANTED.  (See Compl.
2  ¶¶ 12, 14; Besocke Decl. ¶¶ 6, 11, 12, Ex. A § 68; Stafford Decl. Ex. A at 5.)
3       3.  To the extent the motion seeks an award of unpaid contributions in the amount of
4  $3384.35, based on hours worked by defendant's employees during the months of
5  February 2014 and March 2014, the motion is hereby GRANTED.  (See Compl. ¶¶ 12, 14;
6  Besocke Decl. ¶¶ 5, 11, 12, Ex. E §§ 65, 67; Stafford Decl. Ex. A at 5.)
7       4.  To the extent the motion seeks an award of prejudgment interest in the amount of
8  $226.94, based on defendant's failure to pay contributions due for the period from February
9  2014 through March 2014, the motion is hereby GRANTED.  (See Compl. ¶¶ 12, 14;
10 Besocke Decl. ¶¶ 6, 11, 12, Ex. A § 69; Stafford Decl. Ex. A at 5.)
11      5.  To the extent the motion seeks an award of liquidated damages in the amount of
12 $918.92, based on defendant's failure to pay contributions due for the period from February
13 2014 through March 2014, the motion is hereby GRANTED.  (See Comp. ¶¶ 12, 14;
14 Besocke Decl. ¶ ¶ 6, 11, 12 , Ex. A § 68; Stafford Decl. Ex. A at 5.)
15      6.  To the extent the motion seeks an award of unpaid contributions, prejudgment
16 interest and liquidated damages, based on an asserted failure by defendant to pay
17 contributions due for the period from November 2014 through January 2015, the motion is
18 hereby DENIED, as the complaint includes no factual allegation that defendant owed
19 contributions for said period of time.  See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.
20 1978) (holding, although "facts alleged [in a complaint] to establish liability are binding
21 upon the defaulting party," facts "not established by the pleadings . . . are not binding and
22 cannot support [a default] judgment").  To the extent plaintiffs may be relying on their
23 allegation that they are "entitled to recover any and all other contributions, and all liquidated
24 damages and interest on delinquent contributions . . . found due on timecards, audits, or
25 otherwise through the time of Judgment" (see Compl. ¶ 15), any such reliance is
26 unavailing, as plaintiffs have failed to offer any evidence to support a finding that they have
27 determined from "timecards, audits, or otherwise" that defendant owes contributions for the
28 //

period from November 2014 through January 2015.[1]

7. To the extent the motion seeks an award of costs in the amount of $502.30, incurred by plaintiffs in connection with the above-titled action, the motion is hereby GRANTED, the Court having found the amount sought to be reasonable. (See Besocke Decl. Ex. A § 69; Stafford Decl. ¶ 23.)

8. To the extent the motion seeks an award of attorney's fees in the amount of $6600.50, incurred by plaintiffs prior to February 25, 2015 in connection with the above-titled action, the motion is hereby GRANTED, the Court having found the amount sought to be reasonable. (See Besocke Decl. Ex. A § 69; Rutkowski Decl. ¶ 3; Stafford Decl. ¶¶ 12, 17-22.)

9. To the extent the motion seeks an award of attorney's fees for work anticipated to be performed after February 25, 2015, the motion is hereby DENIED, without prejudice to plaintiffs' filing, no later than fourteen days after the entry of judgment, a motion for a supplemental award of fees. See Fed R. Civ. P. 54(d)(2)(B).[2]

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for default judgment is hereby GRANTED in part and DENIED in part as follows:

1. To the extent the motion seeks unpaid contributions, prejudgment interest and/or liquidated damages, for the period from November 2013 through January 2014 and the period from February 2014 through March 2014, the motion is hereby GRANTED, and

---

[1] Plaintiffs appear to rely on a statement by plaintiffs' Plan Manager that defendant "failed to submit contribution reports for the months of November and December 2014, and January 2015." (See Besocke Decl. ¶ 11.) Defendant's failure to submit such reports, however, does not establish that it owed any contributions, i.e., that, during the three months at issue, defendant's employees performed "work covered by [the Master Labor] Agreement." (See Besocke Decl. Ex. A § 65 (identifying circumstances under which employers are required to pay contributions).)

[2] Plaintiffs' counsel states she "anticipate[s]" that, based on work she and/or a paralegal may perform after February 25, 2015, plaintiffs may incur additional fees in the amount of $7680.50. (See Stafford Decl. ¶ 22.) As counsel's estimate includes work that will not be performed, however, such as preparing for and attending a hearing on the instant motion (see id. ¶ 24), the Court declines to award fees based thereon.

3

plaintiffs are awarded unpaid contributions in the amount of $3384.35, prejudgment interest in the amount of $929.94, and liquidated damages in the amount of $6840.84, together with costs in the amount of $502.30 and attorney's fees in the amount of $6600.50, for a total amount of $18,257.93.

2. To the extent the motion seeks unpaid contributions, prejudgment interest, and/or liquidated damages, for the period from November 2014 through January 2015, the motion is hereby DENIED.

3. To the extent the motion seeks an award of attorney's fees for work performed after February 25, 2015, if any, the motion is hereby DENIED without prejudice to plaintiffs' filing, no later than fourteen days after entry of judgment, a motion for a supplemental award of attorney's fees.

**IT IS SO ORDERED.**

Dated: April 1, 2015

_____
MAXINE M. CHESNEY
United States District Judge